IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JEREMY ALFONZIE JONES,  )<br>)<br>Petitioner,  )<br>)<br>v.  )<br>)<br>UNITED STATES OF AMERICA,  )<br>)<br>Respondent.  ) | CV 111-102<br>(Formerly CR 109-171) |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 8).

The Magistrate Judge recommended that Respondent's motion to dismiss be granted and that Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 be dismissed without an evidentiary hearing. In particular, the Magistrate Judge found that Petitioner had knowingly and voluntarily waived his right to collaterally attack his sentence; as a result, he found that Petitioner's second claim, which alleged ineffective assistance of counsel for failure to consult about filing a direct appeal, was barred by the collateral attack waiver in Petitioner's written plea agreement. (Doc. no. 6, pp. 8-11.) As to Petitioner's first claim – that his trial counsel provided ineffective assistance by failing to

advise that Petitioner could return the diet pills he stole from the victim in the underlying case – the Magistrate Judge concluded that the claim was not barred by the collateral attack waiver but was without merit. (Id. at 11-15.)

In his objections, Petitioner challenges the Magistrate Judge's conclusion that a claim for failure to consult about filing a direct appeal is barred by a valid collateral attack waiver. Petitioner argues that such a claim survives the waiver, relying on the Eleventh Circuit's decision in United States v. Gomez-Diaz, 433 F.3d 788 (11th Cir. 2005). (Doc. no. 8, pp. 1-3.) Petitioner also disagrees with the Magistrate Judge's rejection of his first claim, reasserting the argument from his § 2255 motion that if his trial counsel had advised him of the possibility of returning the diet pills he stole, he "could have been more active in the negotiation of the terms of his plea." (Id. at 7.) Additionally, Petitioner asserts that he should be granted an evidentiary hearing. (Id. at 3-6.)

Upon consideration, the Court finds that Petitioner's objections lack merit. Because Petitioner's claim regarding his trial counsel's alleged failure to consult about a direct appeal does not undermine the validity of Petitioner's guilty plea or the collateral attack waiver in his plea agreement, that claim is barred by the collateral attack waiver. See Williams v. United States, 396 F.3d 1340, 1342 & n.2 (11th Cir. 2005) ("An ineffective assistance of counsel argument survives a waiver of appeal [or collateral attack] only when the claimed assistance directly affected the validity of that waiver or the plea itself." (quoting United States v. White, 307 F.3d 506, 508-09 (5th Cir. 2002))).

Moreover, the Court agrees with the Magistrate Judge that upholding the collateral attack waiver does not run afoul of the holding in Gomez-Diaz, in which the Eleventh Circuit

2

concluded that a § 2255 petitioner who had entered into an appeal waiver did not have to show a meritorious ground for appeal in order to prevail on a claim that his counsel was ineffective for failing to file a notice of appeal when instructed to do so. Id. at 793-94. The determinative question in the instant case, in contrast to that addressed in Gomez-Diaz, is whether Petitioner's collateral attack waiver bars him from collaterally attacking his sentence by claiming that his trial counsel failed to consult about an appeal.[1] Because that claim does not call into question the validity of the collateral attack waiver or guilty plea, it is barred by the collateral attack waiver. Williams, 396 F.3d 1340, 1342 & n.2; see also Falcon-Sanchez, 416 F. App'x at 730 (holding that ineffective assistance claim based on counsel's failure to file notice of appeal as instructed by petitioner was barred by collateral attack waiver because the claim "[did] not relate to the validity of the plea or the waiver").

Furthermore, the Court rejects Petitioner's contention that an evidentiary hearing is warranted. To the contrary, it is appropriate to dismiss his § 2255 motion without a hearing because even assuming the truth of his allegation that his trial counsel improperly failed to consult about an appeal, the claim is nevertheless barred by the collateral attack waiver. See United States v. Howle, 166 F.3d 1166, 1169 (11th Cir. 1999) (reasoning that a waiver of the

---

[1] Petitioner's observation that the appeal waiver in Gomez-Diaz was accompanied by a collateral attack waiver, while factually true, is unavailing. (See doc. no. 8, pp. 1-2 (citing Gomez-Diaz, 433 F.3d at 790).) Unlike the instant case, there is no indication that the respondent in Gomez-Diaz invoked the collateral attack waiver, and the issue of whether a collateral attack waiver bars a claim such as Petitioner's was neither argued nor addressed in that case. See Gomez-Diaz, 433 F.3d at 790-94; see also United States v. Falcon-Sanchez, 416 F. App'x 728, 730-31 (10th Cir. 2011) (holding that collateral attack waiver barred a claim similar to Petitioner's and distinguishing a prior case in which government had not invoked the petitioner's collateral attack waiver).

3

right to pursue an appeal or collateral attack "includes a waiver of the right to appeal [or collaterally attack] blatant error").

The Court likewise rejects Petitioner's assertion that his trial counsel provided ineffective assistance because, had he informed Petitioner of the possibility of returning the stolen diet pills, Petitioner might have negotiated a better plea agreement. For the reasons set forth in the R&R, this argument is plainly insufficient to satisfy the demanding two-prong standard set forth in Strickland v. Washington, 466 U.S. 668 (1994), for establishing constitutionally ineffective assistance of counsel. (See doc. no. 6, pp. 12-15.)

In sum, these objections are without merit and do not warrant departing from the conclusions in the R&R. Petitioner's objections not explicitly discussed herein are likewise without merit. Accordingly, Petitioner's objections are **OVERRULED**, and the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court.

Having determined that Petitioner is not entitled to relief on his § 2255 motion, the Court turns to the issue of whether to issue a certificate of appealability ("COA"). A federal prisoner must obtain a COA before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. The Court should grant a COA if Petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Slack v. McDaniel, 529 U.S. 473, 482-84 (2000). Notably, the Eleventh Circuit has not yet addressed the applicability of a collateral attack waiver with regard to a § 2255 claim of failure to consult about filing a direct appeal. Moreover, as noted in the R&R, there is non-binding authority from another circuit that

supports Petitioner's position. See United States v. Tapp, 491 F.3d 263 (5th Cir. 2007). But see Falcon-Sanchez, 416 F. App'x at 730; United States v. Morgan, 284 F. App'x 79, 83, 87 (4th Cir. 2008) (holding that ineffective assistance claim based on counsel's failure to file appeal was barred by collateral attack waiver); Skaggs v. United States, 104 F. App'x 462, 463 (6th Cir. 2004) (same). Accordingly, the Court **GRANTS** Petitioner a COA, which shall be limited to the issue of whether Petitioner's collateral attack waiver bars his § 2255 claim that his trial counsel provided ineffective assistance of counsel by failing to consult about filing a direct appeal.

Upon the foregoing, Respondent's Motion to Dismiss is **GRANTED** (doc. no. 3), the instant § 2255 motion is **DISMISSED** without an evidentiary hearing, and this case is **CLOSED**.

SO ORDERED this 16th day of December, 2011, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA